UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DILVER GEOVANY DIAZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX *et al*.,<br><br>Respondents. | Case No.  1:26-cv-04309  (VC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. Nos. 1, 3 |

This habeas action concerns the detention of Petitioner Dilver Geovany Morales Diaz, a noncitizen who has lived in the United States for over twenty-five years. *See* Dkt. No. 1 ¶ 4. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without an individualized finding that he is a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. Dkt. Nos. 1, 3. For the reasons explained below, the Court GRANTS the petition and resolves the motion for a temporary restraining as moot.[1]

## I.    BACKGROUND

Petitioner is a citizen of Honduras who entered the United States without inspection on May 30, 1999. Dkt. No. 1 ¶ 4. He was placed in removal proceedings sometime after his entry. *Id*. ¶ 5. These proceedings were administratively closed by an Immigration Judge ("IJ") on April 1, 2013 in ruling on Petitioner and the Government's joint motion to close the matter. *Id*.; Dkt. No. 1-1.

Around that same time, Petitioner's father—who is a lawful permanent resident—filed a

---

[1] In setting a briefing schedule on the petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together. *See* Dkt. No. 6. Neither party opposed this in their response.

Form I-130 Petition for an Alien Relative on Petitioner's behalf. Dkt. No. 1 ¶ 6. United States Immigration and Citizenship Services ("USCIS") approved the petition shortly after Petitioner's removal proceedings were administratively closed. *Id*. ¶ 6; Dkt. No. 1-2. Following approval of the immigrant petition, Petitioner continued pursuing the immigrant visa process through the National Visa Center. On or about January 16, 2024, the National Visa Center issued a Notice of Immigrant Visa Case Creation. Dkt. No 1 ¶ 31. USCIS has also continuously authorized Petitioner to work in the United States, with his current authorization valid through February 28, 2029. *Id*. ¶ 34. Petitioner has repeatedly disclosed his identity, residence, and continued presence in the United States as he has pursued these various forms of immigration relief. *Id*. ¶ 33.

Records submitted by Respondents indicate that Petitioner was "arrested in Vero Beach, Florida" on May 12, 2026 "due to a traffic stop." Dkt. No. 7-1 at 2. Petitioner was not charged for any crime at that time, but additional records submitted by Respondents indicate that Petitioner was convicted for driving under the influence in 2013, and arrested on two other occasions, without any resulting convictions. *See* Dkt. No. 7-2. Following Petitioner's May 12, 2026 traffic stop, local law enforcement turned Petitioner over to U.S. Immigrations and Customs Enforcement ("ICE") on May 13, 2026. Dkt. No. 7-1 at 2. Petitioner filed the instant petition and motion for a temporary restraining order on June 5, 2026 seeking his immediate release.

## II.    DISCUSSION

Petitioner contends that his abrupt detention without a finding by the Government that he is a flight risk or danger to the community violates his procedural due process rights (Count 1) and that Administrative Procedure Act ("APA") (Count 2). Because Petitioner's due process claim entitles him to the relief he seek—i.e., release from detention—the Court does not address his APA claim.

### A.    Detention Under 8 U.S.C. § 1225(b)(2)

While "acknowledg[ing] the cases to the contrary in this District[,]" the only argument Respondents make in response to the Petition is that he is subject to mandatory detention under 8

U.S.C. § 1225(b)(2). Dkt. No. 7 at 1–2. Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to non-citizens like Petitioner who have been living at liberty in the United States for many years. *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). Accordingly, the Court concludes that  1225(b)(2) is not a lawful basis for Petitioner's detention.

**B.    Due Process**

Given that § 1225(b)(2) is not a lawful basis for detention—and that Respondents have provided no other statute or justification for continued detention—the Cout turns to Petitioner's due process claim. Assessing whether a noncitizen's detention violates the Due Process Clause requires balancing three factors: (1) "'the private interest that will be affected by the official action'"; (2) "'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards'"; and (3) "'the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

As to the first factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen subject to removal] have a liberty interest in remaining out of custody on bond." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Petitioner has had various forms of immigration applications granted by the Government while living in the United States, and has remained at liberty for sixteen years throughout that period. Indeed, he was previously in removal proceedings, which were dismissed on a joint motion by the Government. Accordingly, the first factor weighs heavily in Petitioner's favor. *See Juan Ramon D.R. v. Noem*, No. 2:26-CV-01305-TLN-CKD, 2026 WL 960005, at *3 (E.D. Cal. Apr. 9, 2026) (finding liberty interest where petitioner had "resided in the United States for over twenty-five years during which time he built a life, worked, developed strong ties to his community, and took steps to obtain lawful permanent residence"); *Nelson D.O.E. v. Warden*, No. 2:26-CV-01107-TLN-AC, 2026 WL 934410, at *3 (E.D. Cal. Apr. 7, 2026) (similar).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was detained. Because there have been no procedural safeguards to determine if Petitioner's detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final factor also weighs in Petitioner's favor. Although the Government has a strong

4

interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). Respondents have articulated no legitimate interest in holding Petitioner without a hearing. Indeed, Respondents do not point to any facts suggesting Petitioner is a flight risk or dangerous. And though Respondents attached a RAP sheet showing a DUI conviction from over a decade ago, they have not argued that this prior criminal history evidences changed circumstances justifying his recent detention. The Court, thus, finds that this factor still weighs in Petitioner's favor.

In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp.3d  at 1094. If the Government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

## III.    CONCLUSION

The petition for writ of habeas corpus is GRANTED. IT IS HEREBY ORDERED:

1.       Respondents must immediately release Petitioner from custody.

2.       If Respondents seek to re-detain Petitioner, they must provide him with 7-days notices and hold a pre-deprivation hearing before a neutral arbiter where the government must show by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

3.       This order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

4.       The Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: June 25, 2026

_____

VINCE CHHABRIA
United States District Judge

5